UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00372-MOC
(CRIMINAL CASE NO. 3:11-cr-00286-MOC-1)

| | |
|---|---|
| SHAWN T. KIRKPATRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 6]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

I. **BACKGROUND**

On September 20, 2011, Petitioner Shawn T. Kirkpatrick ("Petitioner") was charged in a Bill of Indictment with four counts of possession with intent to distribute crack cocaine and aiding and abetting the same, 21 U.S.C. §§ 841(a)(1) and 2 (Counts One through Four); one count of possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting the same, 18 U.S.C. §§ 924(c) and 2 (Count Five); and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Count Six). [CR Doc. 1: Indictment]. The Government filed an Information in accordance with 21 U.S.C. § 851 and 18 U.S.C. § 3559(c)(4) indicating the Government's intention to seek an enhanced sentence based on Petitioner's prior serious violent

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00372-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:11-cr-00286-MOC-1.

felony offenses. [CR Doc. 5].

Thereafter, the parties reach a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Six and the Government agreed to dismiss the remaining counts. [CR Doc. 15 at 1: Plea Agreement]. On October 24, 2011, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 16: Acceptance and Entry of Guilty Plea]. In the plea agreement, Petitioner acknowledged that based on his prior convictions, he faced a mandatory sentence of life in prison for the drug-trafficking offense. [CR Doc. 15 at ¶ 4]. The parties, however, also agreed that if Petitioner cooperated with the United States, the Government would withdraw all but one of the convictions noticed in the Information, reducing Petitioner's maximum sentencing on that count to a term of imprisonment of 30 years. Id. The parties also agreed that Petitioner was an armed career criminal under 18 U.S.C. § 924(e) and faced a sentence between 15 years and life in prison for the felon-in-possession offense. Id.

A probation officer prepared a Presentence Investigation Report (PSR) prior to Petitioner's sentencing. [CR Doc. 21: PSR]. The probation officer classified Petitioner as an armed career criminal and as a career offender. [Id. at ¶¶ 32, 36, 41]. Based on either classification, the probation officer calculated a Total Offense Level of 31 and a Criminal History Category of VI, yielding an advisory guidelines range of a term of imprisonment between 188 and 235 months. [Id. at ¶¶ 44, 57, 58, 75]. The Court adopted the PSR without modification and sentenced Petitioner to 188 months in prison on each count, to run concurrently. [CR Docs. 23, 24 at 1]. On July 13, 2015, the Court reduced Petitioner's sentence to 94 months on each count, again to run concurrently. [Doc. 37: Amended Judgment]. Petitioner did not directly appeal his conviction or sentence.

On June 16, 2016, Petitioner filed motion to vacate sentence under 28 U.S.C. § 2255,

arguing that his sentence is illegal under Johnson v. United States, 135 S. Ct. 2551 (2015), because "[Petitioner] is not eligible for punishment under the ACCA [Armed Career Criminal Act], nor is he subject to punishment as a career offender under the Guidelines." [CV Doc. 1 at 1]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2]. Then, upon the request of the Government, this matter was stayed pending the Supreme Court's decision in United States v. Beckles, No. 15-8544. [CV Docs. 4, 5]. After Beckles was decided, the Government moved to dismiss Petitioner's motion to vacate. [CV Doc. 6]. Thereafter, upon request of Petitioner, the Court stayed this matter pending the Fourth Circuit's decision in United States v. Thompson, No. 15-4685. [CV Docs. 7, 8]. After Thompson was decided, the Court lifted the stay in this matter and ordered Petitioner to respond to the Government's motion to dismiss. [CV Doc. 9]. In response, counsel for Petitioner filed a notice indicating that she did not intend to file a response to the Government's motion to dismiss and that she had advised Petitioner of the deadline for doing so, should he wish to file a *pro se* response. [CV Doc. 11].

According to the Bureau of Prisons website, Petitioner was released from prison on July 18, 2018. Petitioner is currently served a term of supervised release of six years on Count One and five years on Count Six, running currently.[2] [See CR Doc. 37 at 3].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[2] "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (citation omitted). As such, the instant motion is not moot.

3

proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Petitioner claims argues he is entitled to relief on these grounds because, under Johnson v. United States, 135 S. Ct. 2551 (2015), he was improperly sentenced as a career offender and an armed career criminal.[3] [CV Doc. 1].

Petitioner's challenge to his career offender classification is foreclosed by Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court rejected a due process challenge to the career offender guideline, holding that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. at 890. Furthermore, Petitioner's sentence was determined based on his classification as a career offender and based on his classification as an armed career criminal. Petitioner, however, has failed to identify any collateral consequence from his armed career criminal classification. Under the collateral sentence doctrine, therefore, Petitioner's sentence stands even if he were improperly classified as an armed career criminal. See United States v. Hill, 859 F.2d 325, 326 (4th Cir. 1988) (explaining that the concurrent sentence doctrine "provides that where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction" with "a showing

---

[3] Petitioner claims no collateral consequence resulting from his status as an armed career criminal; he challenges only his custodial sentence. [CV Doc. 1].

4

that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand").

The Court, therefore, will grant the Government's motion to dismiss and deny and dismiss Petitioner's motion to vacate under § 2255.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion to dismiss and deny and dismiss Petitioner's motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss [Doc. 6] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: July 13, 2020

Max O. Cogburn Jr
United States District Judge